**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Naji Mohammad Chammout (071-474-804) ) | |
| ) | |
| ) | |
| Plaintiff ) | Civil Action No. |
| v. ) | |
| ) | |
| District Director, USCIS Michigan ) | |
| United States Department ) | |
| of Homeland Security; ) | |
| U.S. Attorney General; ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| Defendants ) | |

PETITION FOR HEARING ON NATURALIZATION APPLICATION

To the Honorable Judge of This Court:

**INTRODUCTION:**

This action is brought by the Plaintiff to request the following judicial relief pursuant to INA Section 336(b), 8 U.S.C. §1447(b):

A. An adjudication of the Plaintiff's naturalization application in court or by the Court; or, in the alternative,

B. A remand to USCIS for immediate adjudication with a DATE-CERTAIN DEADLINE for USCIS to complete adjudication.

The Plaintiff's naturalization application has been on file with the United States Citizenship and Immigration Service (USCIS).

1

C. Mandamus against the FBI to compel completion of namecheck and related security checks by DATE-CERTAIN DEADLINE.

**On October 1, 2002**, NEARLY SIX YEARS AGO, Plaintiff Naji Mohammad Chammout **was interviewed** for naturalization **and passed** the test of English and U.S. history and government. To date, USCIS, the Department of Homeland Security (DHS) and the District Director of the USCIS in Detroit (INS), have failed and refused to complete the case by swearing in Plaintiff Chammout.

Defendant has no legitimate explanation for this delay.      As part of the naturalization adjudication process, the FBI is required by law to conduct a security clearance.  Upon information and belief, the FBI has failed to complete its responsibilities vis a vis processing of Plaintiffs' application for naturalization.

**PARTIES:**

1. Plaintiff Chammout, A# 071-474-804, is a citizen of Lebanon, lawfully admitted for permanent residence in *10/28/1994*. He is 41 years old and resides in Dearborn, Michigan..

Plaintiff suffered grievously as a result of these delays. Plaintiff has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States equal to that granted to citizens; political rights, including the right to vote; the right to enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport; the protection of the United States government when outside the United States. Plaintiff also has been subjected to the uncertainty engendered by the inability to obtain citizenship; the inability to travel and carry out necessary activities, out of

concern he may miss a long-delayed naturalization interview; the inability to file visa petitions for immediate relatives as a United States citizen; and the loss, or threatened loss, of federal benefits.

2. Defendants maintain a practice of failing and refusing to timely grant or deny naturalization applications, to timely schedule naturalization interviews, notify naturalization applicants regarding the results of their naturalization interview and to timely swear in naturalization applicants who have passed their naturalization exam, as required by the applicable provisions of federal law.

3. The Defendant-Director of USCIS is the officer of an agency within the U. S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications by aliens lawfully admitted for permanent residence—such as Plaintiff—for naturalization as United States citizens. This Defendant recently rescinded a policy of requesting expedited "name checks" on long-pending naturalization applications wherein a federal lawsuit is filed.

**JURISDICTION:**

4. This is a civil action brought pursuant to INA Section 336(b), 8 U.S.C. §1447(b), 28 USC §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendant and those working under her to perform duties she owes to the Plaintiff.

5. Jurisdiction is also conferred by 5 USC § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act

(APA) requires in order to confer jurisdiction on the District Courts. 5 USC §§ 702 *et seq.*

6.  The aid of the Court is invoked under 28 USC §§ 2201 and 2202, authorizing a declaratory judgment.

7.  Jurisdiction is also conferred by Section 6 of the APA, 5 U.S.C. § 555(b), which invokes federal question jurisdiction, due to the unreasonable delay of USCIS and the FBI in processing the adjustment application and namecheck.

8.  Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC § 504, and 28 USC § 2412(d), *et seq.*

**VENUE:**

9.  Venue is proper in Detroit, Michigan and the Eastern District of Michigan, pursuant to INA §335, since this is the U.S. District Court where the Plaintiff-Naji Mohammad Chammout has his principal place of residence.

10. Plaintiff Chammout relocated to Dearborn, Michigan approximately on February, 2008.

11. Plaintiff filed AR-11.  Also a change of address was made in connection to the N-400 pending. See Exhibit A.

12. Accordingly, venue is proper in the U.S. District Court in the Eastern District of Michigan.

**REMEDY SOUGHT:**

13. Plaintiff seeks to have the Court adjudicate Plaintiff's naturalization applications (N-400), or, in the alternative, to remand the N-400 to USCIS for immediate adjudication with a DATE-CERTAIN DEADLINE for USCIS to

complete adjudication.

14. Plaintiff seeks to have Court order FBI to complete, within 30 days, the namecheck and any other security checks required by USCIS as a prerequisite of adjudicating Plaintiffs' naturalization application or, in the alternative, set a DATE-CERTAIN DEADLINE for the FBI to complete its namecheck and security checks.

15. Plaintiff Chammout filed the N-400 application for naturalization on July, 2000.

16. On October 1, 2002, District Adjudicating Officer (DAO) Lally interviewed Plaintiff Chammout and administered the tests of English and U.S. history and government.   DAO Chammout gave Plaintiff Form N-652, Naturalization Interview Results (Results).  The Results state that Plaintiff passed the English and U. S, history and government tests and that the application had been recommended for approval.  .A copy of the Results is annexed as Exhibit B.

To date, Plaintiff naturalization application has not been adjudicated with the reason given as pending security checks. Plaintiffs are in limbo in regard to their naturalization applications.

**<u>REASONS   FOR   THIS   COURT   TO   ADJUDICATE   PLAINTIFF'S NATURALIZATION APPLICATION RATHER THAN REMAND CASE OR, IN THE ALTERNATIVE, ORDER A DATE-CERTAIN DEADLINE</u>**

17. A remand does not result in the FBI expediting the namecheck, unless the Court specifically orders the expedite of the namecheck or sets a DATE-CERTAIN DEADLINE.

18. In January 2005, CIS issued a memorandum listing criteria for requesting expedited treatment from the FBI for namechecks.  One expedite category was for cases in which a federal lawsuit is pending.  See FBI Namecheck Expedite Criteria memo ("Expedite Memo") dated January 2005 annexed as Exhibit C.

19. On information and belief, on or around December 2006, CIS issued a rescission of the "Expedite Memo".

20.  Upon information and belief, CIS has not promulgated any new criteria for requesting expedited namechecks. Local immigration attorneys around the country have been told by District Directors of CIS that there is no point in suing for expedited namechecks and completion of naturalization cases because the Expedite Memo was rescinded, i.e. suing will not result in expedited treatment.

21. Upon information and belief, FBI dedicated insufficient manpower to handling expedited namecheck requests and became overwhelmed by the volume of requests.  This problem of the FBI being overwhelmed by expedites requests triggered rescission of the Expedite Memo.

22.  Now that CIS has memorialized and disseminated a policy of not requesting expedited processing of namechecks for languishing applications where the applicant brings suit pursuant to 8 USC 1447(b), Plaintiff urge this Court not to exercise the statutory option of remand to the agency.  If this Court accepts jurisdiction but remands to CIS, it is respectfully requested that this Court retain jurisdiction, order CIS to request expedited processing of namechecks, order the FBI to agree to expedite the namecheck and for the Court to give

DATE-CERTAIN DEADLINES to CIS and the FBI for completion of the namechecks and adjudication of the applications.

23. Rescission of the Expedite Memo is a strong argument for this Court to refuse to exercise the statutory option to remand the case to the agency for processing. This Plaintiff has already been waiting approximately seven years for the namecheck and Plaintiff's application for citizenship has been languishing for years. Now, CIS is officially declaring that if the Court cedes jurisdiction, CIS will not even ask the FBI to expedite their namecheck.

24. An additional reason for this Court to adjudicate rather than remand this case is to prevent retaliation of CIS. For example, in Astafieva v. Gonzales, 2007 U.S. Dist. Lexis 28993, attached as Exhibit D, CIS claimed it had secret info that "might be relevant" to the applicant's eligibility. "At the hearing, the government indicated that it had information which might be relevant to the issue but which it was not at liberty to state on the public record. The Court conducted an in camera hearing under seal. Given the information revealed in camera, the Court finds that there is no good cause for further delay in granting Plaintiff's petition." See Exhibit D at p. 3.

25. In light of Astafieva, it is respectfully requested that this Court end the pernicious "remand" practice that merely hands CIS more time for stalling.

26. It is respectfully requested that the judge look at CIS' "evidence," if any, in camera, if necessary, and make a decision about the relevance of the evidence in lieu of remand or prior to remand.

**FIRST CAUSE OF ACTION:**

**Petition for hearing on Naturalization against USCIS:**

27. Plaintiff incorporates paragraphs 1-27 of this Complaint by reference.

28. Although the Defendant-District Director has acknowledged that the naturalization case is filed and pending with his office, and although he has been requested on multiple occasions to proceed with the case and complete it, he has continuously failed and refused to do so.  There is no reason to believe that Plaintiff is disqualified for naturalization.  Plaintiff asserts that the Defendants have no legal basis for failing to proceed with his case.

29. USCIS' own interpretation of statute and the form that USCIS uses, N-652 (revised 01/14/05), states that the interview/examination date for the Citizenship Test started the 120-day clock set by Congress. See confirmation of this agency interpretation in USCIS Field Director Memorandum to all Regional Directors dated January 14, 2005 which states that this interpretation and orders the Regional Directors to use exclusively a newly revised form that advises naturalization applicants of their right to go to the U.S. district court (sic) if USCIS "had not made a determination on your application within 120 days of the date of your examination." Exhibit C.

30. The government has conceded that CIS now acknowledges the 120-day period runs from the date of the examination and, effective in the spring of 2006, has changed their policy to reflect this new position. Al-Ghanem v. Gonzales, 2007 U.S. Dist. Lexis 8900, attached as Exhibit E page 4 at footnote 13.

31. USCIS employed this revised version of the N-652 for the Plaintiff. The

agency interpretation applies equally to the plaintiff. When Plaintiff took the Citizenship test, USCIS was using the unrevised version of the N-652 dated 12/7/1999.

32. Plaintiff has no administrative remedies, as none are provided for neglect of duty. District Director, by failing to adjudicate the application, is denying Plaintiff the right to have the denial reviewed by this court.

33. A Petition for Hearing on Naturalization Application is appropriate because there is no other remedy at law. Plaintiff seeks to compel a decision to be made, in terms of both 8 U.S.C. § 1447(b) and in terms of the APA for administrative action wrongfully withheld.

**SECOND CAUSE OF ACTION – Mandamus AGAINST FBI:**

34. Plaintiff incorporates paragraphs 1-34 of this Complaint by reference.

35. The Defendant-FBI has the responsibility of processing security checks/clearances, including a clearance sometimes colloquially referred to as "name checks" as well as fingerprint checks. Completion of the FBI duties vis a vis a naturalization applicant is a prerequisite for the final adjudication a naturalization application pursuant to 8 CFR 335.2:

> (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
>
> (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;

(2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or

(3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected. Id.

36. On information and belief, as a result of a post 9-11 mandate from the Attorney General, the USCIS initiated enhanced security checks for all naturalization applications in or about December 2002. As more fully alleged below, as a result of the Attorney General's actions, as well as the actions of the other named Defendants, tens of thousands of applications for naturalization have become hopelessly backlogged and mired in unproductive and wasteful "name checks" that bear no rational relationship to legitimate measures to ensure and enhance national security.

37. On information and belief, the name check for naturalization applicants now involves the following: (1) The USCIS initially runs an applicant's name through the Interagency Border Inspection System ("IBIS"), a central database which includes information compiled from several federal agencies; (2) the FBI completes its enhanced security check on the applicant's name as discussed above; (3) the USCIS again runs the applicant's name through IBIS before final approval of the application and scheduling the applicant to be sworn in as a citizen.

38. On information and belief, even after concluding that a lawful permanent resident alien who has applied for naturalization to become a citizen of the United States is eligible for the benefit, the USCIS will not schedule the

10

applicant, including the Plaintiff in this case, to be sworn in as a citizen until the applicant has been cleared through the IBIS system and a FBI name check.

39. On information and belief, the IBIS represents the primary resource for apprehending criminal aliens. On information and belief, it resides on the Treasury Enforcement Communications System, provides law enforcement agencies access to the FBI's National Crime Information Center, and permits users to interface with all 50 States via the National Law Enforcement Telecommunications System.

40. On information and belief, the system for name checks is so overly broad as to render it almost useless as a tool for determining eligibility for naturalization, while unreasonably causing inordinate delays in the approving of citizenship for long-time lawful permanent residents.

41. On information and belief, FBI name checks can be completed within several days. For example, the United States Consulate in Thailand's internet home page states that "an FBI name check ... can take anywhere from 7-14 days" in relation to the issuance of visas for immigrants coming to the United States. Yet, FBI name checks for applicants for naturalization within the United States appear to take several months or years to complete.

42. On information and belief, the FBI has publicly stated that name checks for foreign visitors coming to the United States can be completed in a matter of "days." Washington Post, November 11, 2003, Post-9/11 Visa Rules Keep Thousands From Coming to the U.S. Nevertheless, name checks for long-term lawful residents seeking naturalization appear to take several months or years.

11

43. On information and belief, when a "hit" occurs during check through the National Crime Information Center (NCIC) system, the FBI manages to respond within a matter of hours or days so that the firearm transaction can be completed. On information and belief, this is because the FBI has assigned an appropriate number of agents to address such requests and "hits." In contrast, requests for security checks for naturalization applicants may take several months or years because the FBI has failed to assign an adequate number of agents or establish adequate procedures to process such requests and "hits" within a reasonable time.

44. On information and belief, the FBI, by assigning insufficient staff to process name check requests, failed to reduce backlogs, and, as a result, failed to process Plaintiffs' name check in a timely manner.

45. Information readily available to the public over the Internet indicates that the results of a fingerprint check are typically available within two days and the results of the IBIS check are generally available immediately. USCIS must review the results of these tests, as well as the results of the name check, and USCIS must sometimes conduct follow-up questioning of the naturalization applicant. See Understanding the Security Process, http://usinfo.state.gov/gi/Archive/2006/May/04-878088.html, ("Understanding the Security Process Factsheet"), printed for the Court's convenience as Exhibit F.

46. According to the Understanding the Security Process Factsheet, only one percent of namecheck requests remain pending more than six months.  Exhibit

F at p. 3.

47. The FBI is processing cases out of order, letting 99% of the new requests go ahead of Plaintiffs' pending namecheck on an ongoing and continuous basis for month after month.

48. Not only has the FBI failed to complete and failed to expedite Plaintiffs' namechecks, but the FBI is consistently taking requests for namechecks out of order.  The FBI processes new namecheck requests before their backlog is cleared.

49. Defendant FBI has been unreasonably delayed within the scope of 5 U.S.C. § 555(b).  Plaintiffs respectfully requests that this Court order the FBI to complete its namecheck and all other required security clearances that are conditions precedent to the USCIS adjudication of Plaintiff's naturalization application within 30 days or, in the alternative, a DATE-CERTAIN DEADLINE.

50. The Detroit District Office of USCIS is processing naturalization applications and is deciding them within ten months of their initial filing. See Exhibit G, USCIS Detroit Office processing dates posted on the internet. Pursuant to 5 U.S.C. § 555(b), Plaintiff application is unreasonably delayed comparing the fact that USCIS is currently processing naturalization applications from ten months ago whereas Plaintiff's application  was filed 97 months **prior** to the current processing date of November 29,2007. Annexed Exhibit G: Detroit Processing Times.  Accordingly, USCIS is adjudicating cases grossly out of order.

13

**THIRD CLAIM FOR RELIEF –**

**ADMINISTRATIVE PROCEDURE ACT AGAINST ALL DEFENDANTS**

51. Plaintiff incorporate paragraphs 1-50 of this Complaint by reference.

52. Delay in adjudicating and approving Plaintiff's naturalization application and scheduling him for the naturalization oath for more than 120 days due to a post-examination "security check" standard is unlawful and inconsistent with, *inter alia*, 8 U.S.C. § 1447, 5 U.S.C. § 555(b) and 5 U.S.C. § 551, *et seq.* of the Administrative Procedure Act. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 USC §706(a). The court may also hold unlawful and set aside agency action that, *inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 USC §706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights," 5 USC §706(2)(C); or "without observance of procedure required by law," 5 USC §706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 USC §551(13).

53. Defendants' failure to adjudicate the naturalization application of Plaintiff within 120 days of completion of his examination violates the Administrative Procedure Act as set out above.

54. Defendants' failure to timely complete the "name check" on Plaintiff, with full knowledge that USCIS requires a complete "name check" to adjudicate Plaintiffs' naturalization application, violates the Administrative Procedure

14

Act as set out above.

55.  Defendants' failure to set deadlines to complete the "name check" on Plaintiff and to take other reasonable steps to complete adjudication of Plaintiff's application violates the Administrative Procedure Act as set out above.

**FOURTH CAUSE OF ACTION:**

**DUE PROCESS AGAINST ALL DEFENDANTS**

56. Plaintiff incorporates paragraphs 1-55 of this Complaint by reference.

57. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law.

58. Defendants have a pattern, practice and policy of failing to adjudicate applications for naturalization within 120 days of the date a naturalization examination is complete, due to delays in "name checks," in violation of 8 USC §1446(d) and 8 CFR §335. The actions by Defendants set forth above violate Plaintiffs' right to due process of law.

**PRAYER FOR RELIEF:**

Wherefore, Plaintiff prays that this Honorable Court:

1. Assume jurisdiction over this matter;

2. Grant Plaintiff's naturalization application;

3. Issue the naturalization oath to Plaintiff in all due haste;

4. **Retain jurisdiction** and order the FBI to expedite their namecheck and related security checks within 30 days or a DATE-CERTAIN DEADLINE;

5.  **Retain jurisdiction and** order the CIS to complete their investigation within 30 days or a DATE-

15

CERTAIN DEADLINE of the FBI completing their namecheck;  See relief afforded by the Court in

*Mostovoi v. Secretary of DHS,* 2007 U.S. Dist. Lexis 40646 ( S.D. N. Y. June 4, 2007)("[C]ase is

remanded to the CIS for immediate resolution, with instructions to take whatever steps are necessary

to make a determination on Mostovoi's application within 30 days of this Order, and, in the event that

he is eligible for naturalization, take steps to permit him to be sworn in as a citizen within 30 days of

agency's determination.  This Court will retain jurisdictions over the matter…) annexed as Exhibit H.

6.  Issue an order similar to the <u>Attisha</u> Court stating Issue an order similar to the <u>Attisha</u> Court, annexed

as Exhibit I.  Chief Judge Friedman's order stated::


> IT IS ORDERED that defendants' motion to dismiss, or to remand, is denied…
>
> IT IS FURTHER ORDERED that the court shall conduct a hearing on October 31, 2007, at 9:00 a.m., "to determine the matter," pursuant to 8 U.S.C. § 1447(b). The parties may submit briefs, in the nature of trial briefs, no later than October 3, 2007, and response briefs no later than [*12] October 17, 2007.
>
> IT IS FURTHER ORDERED that defendants shall promptly apprise the court and plaintiff if plaintiff's "security background checks" are completed at any time prior to October 31, 2007. In that event, the court reserves its right "to remand the matter . . . to the Service to determine the matter," pursuant to 8 U.S.C. § 1447(b). Attisha v. Jenifer, 2007 U.S. Dist. LEXIS 65761, 11-12 (D. Mich. 2007).


7.  In the alternative, order mandamus:

   a.  to the FBI to complete the namecheck within 30 days or a DATE-CERTAIN DEADLINE

       **and,** in turn,

   b.  to the USCIS to adjudicate Plaintiff's naturalization application and schedule the oath

       ceremony within thirty days thereafter or a DATE-CERTAIN DEADLINE;

8.  Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act; and

9.  Grant any and all further relief this Court deems just and proper.

10. Plaintiff further prays that if the Court remands this matter to the Service, it directs the District

Director, if the decision is adverse to Plaintiff, to justify and explain the decision to preclude the sense of

retaliation by any of the Defendants for having brought this lawsuit or for having exposed the District

Director's inefficiency to the senior officers of the district, region and central offices of the USCIS.

Respectfully submitted,

Dated: September 19, 2008                    GEORGE P. MANN_____
                                             George P. Mann
                                             Attorney for Petitioner
                                             Pineview Office Park
                                             33505 W. Fourteen Mile Rd., Suite 20
                                             Farmington Hills, MI 48331
                                             (248) 932-0990

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |  |
|---|---|---|
| Naji Mohammad Chammout (071-474-804) | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| District Director, USCIS Detroit; | ) | |
| United States Department | ) | |
| of Homeland Security; | ) | |
| U.S. Attorney General; | ) | |
| Federal Bureau of Investigation | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DECLARATION IN SUPPORT OF COMPLAINT FOR**

**PETITION FOR HEARING ON NATURALIZATION APPLICATION**

I, the undersigned, the counsel for Plaintiff, hereby declare that the above statements are true to the best of my knowledge and belief; and,

Dated: September 19, 2008

GEORGE P. MANN_____
George P. Mann
Attorney for Petitioner
Pineview Office Park
33505 W. 14 Mile Rd., Suite 20
Farmington Hills, MI 48331
(248) 932-0990

18